# UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| CONSERVATION LAW FOUNDATION, INC. | ) | |
| and | ) | |
| HEALTHLINK, INC. | ) | |
| Plaintiffs | ) | Case No.: 1:10-cv-11069 |
| v. | ) | |
| DOMINION ENERGY NEW ENGLAND, INC. | ) | |
| Defendant. | ) | |

## DEFENDANT DOMINION ENERGY NEW ENGLAND, INC.'S ANSWER TO PLAINTIFFS' COMPLAINT

Defendant Dominion Energy New England, Inc. ("DENE"), hereby answers the Complaint filed by the Conservation Law Foundation, Inc. and Healthlink, Inc. (collectively, the "Plaintiffs"), as follows.

## I. INTRODUCTION

1.      Paragraph 1 states the names of the parties bringing the action, the general nature of the action and relief sought, the name of the Defendant and the location of the facility.  No response is required to these introductory statements.  To the extent that a response is required, DENE denies that this action may be brought pursuant to the Clean Air Act ("CAA") and denies that Plaintiffs are entitled to any penalties or relief.  DENE further denies that there have been repeated violations of emissions standards and permit conditions included in the Massachusetts State Implementation Plan ("SIP") and the permits issued to DENE pursuant to the CAA.  DENE

admits only that its Salem Harbor Station plant is located in Salem, Massachusetts. DENE

denies the remaining allegations contained in paragraph 1 of Plaintiff's Complaint.

## II. JURISDICTION AND VENUE

2.      The allegations contained in paragraph 2 consist of legal conclusions to which no

response is required.  To the extent paragraph 2 contains factual allegations, DENE denies them.

3.      In response to the allegations of paragraph 3, DENE admits that it received the

Notice Letter, dated January 27, 2010, and received the Amended Notice Letter dated April 20,

2010, and that a copy of the same was delivered on its Resident Agent.  DENE is without

sufficient knowledge or information to form a belief as to whether Plaintiff mailed copies of the

Amended Notice Letter to the United States Environmental Protection Agency ("EPA"), the

Regional Administrator of EPA Region 1, the Commissioner of the Massachusetts Department

of Environmental Protection, or the Governor of Massachusetts.  DENE denies all remaining

allegations and legal conclusions in paragraph 3.

4.      In response to paragraph 4, DENE admits that more than sixty days have passed

since it received an amended notice dated April 20, 2010, from the Plaintiffs.  DENE further

admits that neither the EPA nor the state of Massachusetts has commenced an enforcement

action against DENE with respect to the violations alleged in the Amended Notice Letter.  DENE

denies the remaining allegations and legal conclusions in paragraph 4.

5.      In response to paragraph 5, DENE admits that the facility that is the subject of the

complaint is located in Massachusetts.  The remaining allegations contained in paragraph 5

consist of legal conclusions to which no response is required.

### III.  PARTIES

6.     DENE is without knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 6, and therefore the allegations are denied.

7.     DENE is without knowledge or information sufficient to form a belief as the truth of the allegations of paragraph 7, and therefore the allegations are denied.

8.     The first sentence of paragraph 8 consists of legal conclusions to which no response is required.  DENE denies all remaining allegations and legal conclusions in paragraph 8.

9.     In response to paragraph 9, DENE denies the allegations therein.

10.     In response to paragraph 10, DENE denies the allegations therein.

11.     In response to paragraph 11, DENE admits that it operates the Salem Harbor Station.  DENE denies all remaining allegations and legal conclusions in paragraph 11.

### IV. STATUTORY BACKGROUND

12.     In response to paragraph 12, DENE admits that Section 101(b) of the CAA, 42 U.S.C. § 7401(b), states that one of the purposes of the CAA is "to protect and enhance the quality of the Nation's air resources so as to promote the public health and welfare and the productive capacity of the population."  To the extent that Plaintiffs' characterization of the CAA is inconsistent with the Act itself, DENE denies the allegations in paragraph 12.

13.     Paragraph 13 consists of legal conclusions to which no response is required.  To the extent that Plaintiff characterizes the provisions of the CAA, no response is required because the CAA speaks for itself.  DENE denies Plaintiffs' allegations to the extent they are inconsistent with the CAA.

14.     Paragraph 14 consists of legal conclusions to which no response is required. To the extent that Plaintiff characterizes the provisions of the CAA and Code of Federal Regulations ("CFR"), no response is required because they speak for themselves. DENE denies Plaintiffs' allegations to the extent they are inconsistent with the CAA or CFR.

15.     In response to paragraph 15, DENE admits the allegations contained therein.

16.     In response to the first sentence of paragraph 16, DENE admits the allegations contained therein. The second sentence of paragraph 16 contains legal conclusions to which no response is required. DENE denies the allegations of the second sentence of paragraph 16 to the extent that they are inconsistent with the CAA or CFR.

17.     In response to paragraph 17, DENE denies that the Title V permit was issued for its Salem Harbor Station plant took effect on October 8, 2009. DENE admits that the Title V permit incorporated applicable requirements. The Title V permit speaks for itself as to the requirements that were incorporated.

18.     Paragraph 18 consists of legal conclusions to which no response is required. To the extent that Plaintiff characterizes the provisions of the Massachusetts SIP, no response is required because the Massachusetts SIP speaks for itself. DENE denies Plaintiffs' allegations to the extent they are inconsistent with the Massachusetts SIP.

19.     Paragraph 19 consists of legal conclusions to which no response is required. To the extent that Plaintiff characterizes the provisions of the Code of Massachusetts Regulations, no response is required because the Code of Massachusetts Regulations speaks for itself. DENE denies Plaintiffs' allegations to the extent they are inconsistent with the Code of Massachusetts Regulations.

20.     Paragraph 20 consists of legal conclusions to which no response is required. To the extent that Plaintiff characterizes the provisions of the Massachusetts SIP, no response is required because the Massachusetts SIP speaks for itself. DENE denies Plaintiffs' allegations to the extent they are inconsistent with the Massachusetts SIP.

21.     In response to paragraph 21, DENE denies that Exhibit 2 is called a "State Operating Permit." Exhibit 2 is a state approval and it speaks for itself.  To the extent that the allegations of paragraph 21 are inconsistent with the approval, DENE denies those allegations.

22.     In response to paragraph 22, DENE denies that Exhibit 3 is called a "State Operating Permit." Exhibit 3 is a state approval and it speaks for itself.  To the extent that the allegations of paragraph 22 are inconsistent with the approval, DENE denies those allegations.

23.     In response to paragraph 23, DENE denies that Exhibits 2 and 3 are called  "State Operating Permits." Exhibits 2 and 3 are state approvals and they speak for themselves.  To the extent that the allegations of paragraph 23 are inconsistent with the approvals, DENE denies those allegations.  To the extent that paragraph 23 contains legal conclusions, DENE denies those allegations.

24.     In response to paragraph 24, DENE denies that Exhibits 2 and 3 are called  "State Operating Permits." Exhibits 2 and 3 are state approvals and they speak for themselves. The Title V permit speaks for itself.  To the extent that the allegations of paragraph 24 are inconsistent with the approvals or the Title V permit, DENE denies those allegations.

25.     In response to paragraph 25, DENE states that the Title V permit speaks for itself. To the extent that Plaintiffs' allegations are inconsistent with the Title V permit, DENE denies them.

26.     Paragraph 26 consists of legal conclusions to which no response is required.  To the extent that Plaintiff characterizes the provisions of the Massachusetts SIP or Code of Massachusetts Regulations, no response is required because they speak for themselves.  DENE denies Plaintiffs' allegations contained in paragraph 26 to the extent they are inconsistent with the Massachusetts SIP or Code of Massachusetts Regulations.

27.     In response to paragraph 27, DENE denies that its state approvals are called "State Operating Permits."  These approvals speak for themselves.  DENE denies the allegations of paragraph 27 to the extent they are inconsistent with the approvals.

28.     In response to paragraph 28, DENE denies that its state approvals are called "State Operating Permits."  These approvals speak for themselves.  DENE denies the allegations of paragraph 28 to the extent they are inconsistent with the approvals.

29.     In response to paragraph 29, DENE denies that its state approvals are called "State Operating Permits."  These approvals speak for themselves.  DENE denies the allegations of paragraph 29 to the extent they are inconsistent with the approvals.

30.     In response to paragraph 30, DENE states that the Title V permit speaks for itself. To the extent that Plaintiffs' allegations are inconsistent with the Title V permit, DENE denies them.

31.     Paragraph 31 consists of legal conclusions to which no response is required.  To the extent that Plaintiffs characterize the provisions of the CAA, no response is required because the CAA speaks for itself.  DENE denies Plaintiffs' allegations to the extent they are inconsistent with the CAA.

32. Paragraph 32 consists of legal conclusions to which no response is required.  To the extent that Plaintiffs characterize the provisions of the Massachusetts SIP and the CAA, no

response is required because the Massachusetts SIP and the CAA speak for themselves.  DENE denies Plaintiffs' allegations to the extent they are inconsistent with the Massachusetts SIP or the CAA.

33.      In response to paragraph 33, DENE denies that its state approvals are "State Operating Permits."  The remaining allegations contained in paragraph 33 consist of legal conclusions to which no response is required.  To the extent the allegations of paragraph 33 are inconsistent with Massachusetts law or the CAA, DENE denies them.

34.      Paragraph 34 consists of legal conclusions to which no response is required.  To the extent that Plaintiffs characterize the provisions of the Massachusetts SIP, CAA or the Title V permit, no response is required because they speak for themselves.  DENE denies Plaintiffs' allegations to the extent they are inconsistent with the Massachusetts SIP, CAA or the Title V permit.

35.      Paragraph 35 consists of legal conclusions to which no response is required.  To the extent that Plaintiff characterizes the provisions of the CAA, no response is required because the CAA speaks for itself.  DENE denies Plaintiffs' allegations to the extent they are inconsistent with the CAA.

## V. CLAIMS FOR RELIEF

### Count 1: Visible Emission Violations of State Implementation Plan

36.      In response to paragraph 36, DENE adopts by reference its responses to paragraphs 1-35.

37.      DENE denies the statements and allegations in paragraph 37.

38.      DENE denies the statements and allegations in paragraph 38.

39.      In response to paragraph 39,  DENE denies the allegations contained therein.

**Count 2: Visible Emission Violations of State Operating Permits**

40.     In response to paragraph 40, DENE adopts by reference its responses to paragraphs 1-39.

41.     In response to paragraph 41, DENE denies the allegations therein.

42.     In response to paragraph 42, DENE denies the allegations therein.

43.     In response to paragraph 43, DENE denies the allegations therein.

44.     In response to paragraph 44, DENE denies the allegations therein.

**Count 3:  Visible Emission Violations of Title V Permit**

45.     In response to paragraph 45, DENE adopts by reference its responses to paragraphs 1-44.

46.     In response to paragraph 46, DENE denies the allegations therein.

47.     In response to paragraph 47, DENE denies the allegations therein.

**Count 4:  Violations of Monitoring Requirements of SIP**

48.     In response to paragraph 48, DENE adopts by reference its responses to paragraphs 1-47.

49.     Paragraph 49 consists of legal conclusions to which no response is required.  To the extent that Plaintiff characterizes the provisions of the Massachusetts SIP or the Code of Massachusetts Regulations, no response is required because they speak for themselves.  DENE denies Plaintiffs' allegations to the extent they are inconsistent with the Massachusetts SIP or the Code of Massachusetts Regulations.

50.     In response to paragraph 50, DENE denies the allegations therein.

**Count 5:  Violations of Monitoring Requirements of State Operating Permits**

51.     In response to paragraph 51, DENE adopts by reference its responses to paragraphs 1-51.

52.     In response to paragraph 52, DENE denies that its state approvals are called "State Operating Permits." These approvals speak for themselves, and DENE denies the allegations of paragraph 52 to the extent they are inconsistent with the approvals.

53.     In response to paragraph 53, DENE denies the allegations therein.

54.     In response to paragraph 54, DENE denies that its state approvals are called "State Operating Permits." These approvals speak for themselves. DENE denies the allegations of paragraph 54 to the extent they are inconsistent with the approvals.

55.     In response to paragraph 55, DENE denies the allegations therein.

### Count 6:  Violations of Monitoring Requirements of Title Permit

56.     In response to paragraph 56, DENE adopts by reference its responses to paragraphs 1-55.

57.     In response to paragraph 57, DENE states that the Title V permit speaks for itself. To the extent that Plaintiffs' allegations are inconsistent with the Title V permit, DENE denies them.

58.     In response to paragraph 58, DENE states that the Title V permit speaks for itself. To the extent that Plaintiffs' allegations are inconsistent with the Title V permit, DENE denies them.

59.     In response to paragraph 59, DENE denies the allegations therein.

60.     All allegations of the Complaint not expressly admitted above are denied by DENE.

## DEFENSES

1.    Plaintiffs have failed to state a claim, in whole or in part, upon which relief may be granted.

2.    Plaintiffs' claims are barred, in whole or in part, by the applicable statute of limitations.

3.    Plaintiffs' claims are barred because Plaintiffs lack standing.

4.    To the extent Plaintiffs seek to assert claims not included in or not adequately described in its letters dated January 27, 2010 and April 20, 2010, the Court lacks jurisdiction to hear those claims under CAA § 304(b

5.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of mootness.

6.    Plaintiffs' claims are barred, in whole or in part, by the doctrine of fair notice, including:

   a.   To the extent the applicable permits, approvals, and/or regulations are interpreted to prohibit all excess emissions of opacity as defined in the applicable permits and regulations, DENE was not provided fair notice of that interpretation.

   b.   To the extent the applicable permits, approvals, and/or regulations are interpreted to require continuous monitoring of opacity during all periods of opacity monitor downtime, DENE was not provided fair notice of that interpretation.

   c.   To the extent the applicable permits, approval, and/or regulations are interpreted to require monitoring of opacity using EPA Method 9 under conditions that are inconsistent with the requirements of that method, DENE was not provided fair notice of that interpretation.

    d.  To the extent the applicable permits, approval, and/or regulations are interpreted to require monitoring of opacity using EPA Method 9 during all instances of detached plumes, DENE was not provided fair notice of that interpretation.

7.      Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, or waiver.

8.      Plaintiffs' claims are barred, in part, under CAA § 307(b)(2) because they constitute an impermissible collateral attack on the Salem Harbor Title V permit and prior state approvals.

9.      Plaintiffs' claims are barred, in part, by the permit shield provided in the Salem Harbor Title V permit pursuant to CAA § 504(f).

10.     Plaintiffs' claims are barred, in part, by the emergency conditions provision of the Salem Harbor Title V permit.

11.     Plaintiffs' claims for injunctive relief are barred, in whole or in part, because the balancing of the equities weighs heavily against such relief.

12.     Plaintiffs' claims are barred, in whole or in part, because Plaintiffs seek to impose an excessive fine in violation of the Eighth and Fourteenth Amendments to the Constitution of the United States.

13.     Plaintiffs' claims are barred, in whole or in part, by the Due Process Clauses of the United States Constitution and Constitution of the Commonwealth of Massachusetts.

14.     For all periods relevant to the Complaint, the levels of opacity excess emissions at Salem Harbor have been below that identified by the Massachusetts Department of the Environment, the state regulatory agency responsible for interpreting and administering the Massachusetts SIP and the applicable permits and approvals, as warranting any follow-up action.

DENE will rely on any and all further defenses that become available or appear during discovery proceedings in this action and specifically reserves its right to amend this Answer for purposes of asserting additional defenses.

**DOMINION ENERGY NEW ENGLAND, INC.**

By its attorneys,

/s/ Rosanna Sattler
Rosanna Sattler (BBO #442760)
rsattler@pbl.com
POSTERNAK BLANKSTEIN & LUND
 LLP
Prudential Tower
800 Boylston Street
Boston, MA  02199-8004
(617) 973-6100


Harry M. Johnson, III (admitted *pro hac vice*)
pjohnson@hunton.com
HUNTON & WILLIAMS, LLP
951 East Byrd Street
Richmond, VA  23219-4074
(804) 788-8784


Lauren E. Freeman (admitted *pro hac vice*)
lfreeman@hunton.com
HUNTON & WILLIAMS, LLP
1900 K Street, NW
Washington, DC 20006
(202) 778-2248


Dated:  August 11, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on the 11th day of August 2010, true and correct copies of the Corporate Disclosure Statement Of Dominion Energy New England, Inc. was served on the following counsel of record by CM/ECF:

Shanna M. Cleveland, Esq.            Susan M. Reid, Esq.
Conservation Law Foundation          Conservation Law Foundation
62 Summer Street                     62 Summer Street
Boston, MA 02110                     Boston, MA 02110
(617) 850-1716                       (617) 350-4030
scleve@clf.org                       sreid@clf.org


/s/  Rosanna Sattler
Rosanna Sattler (BBO # 442760)

66294.000003 EMF_US 31953470v5
1162763/2/17135/2/174332/8/9/10